**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------

ELAINE WANG,                                      :
                                                  :
         Plaintiff,                             :   Civil Action No. 1:21-cv-3756
                                                  :
v.                                                :
                                                  :   **COMPLAINT FOR VIOLATIONS OF**
GRUBHUB INC., BRIAN MCANDREWS,                     :   **SECTIONS 14(a) AND 20(a) OF THE**
DAVID FISHER, LLOYD FRINK, DAVID                   :   **SECURITIES EXCHANGE ACT OF**
HABIGER, LINDA JOHNSON RICE,                       :   **1934**
KATRINA LAKE, GIRISH LAKSHMAN,                     :
MATT MALONEY, and KEITH RICHMAN,                   :   **JURY TRIAL DEMANDED**
                                                  :
         Defendants.                            :
                                                  :
--------------------------------------------------------

Elaine Wang ("Plaintiff"), by and through her attorneys, alleges the following upon information and belief, including investigation of counsel and review of publicly-available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

1.     This is an action brought by Plaintiff against Grubhub Financial, Inc. ("Grubhub or the "Company") and the members Grubhub board of directors (the "Board" or the "Individual Defendants" and collectively with the Company, the "Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), in connection with the proposed acquisition of Grubhub by affiliates of Just Eat Takeaway.com N.V. (herein referred to as the "Just Eat").

2.     Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading Preliminary Proxy Statement on Schedule 14A (the "Proxy Statement") to be filed on April 27, 2021 with the United States Securities and

Exchange Commission ("SEC") and disseminated to Company stockholders.  The Proxy Statement recommends that Company stockholders vote in favor of a proposed transaction whereby Checkers Merger Sub I, Inc. ("Merger Sub I"), a wholly-owned subsidiary of Just Eat, will merge with and into Grubhub with Grubhub surviving the merger in the initial merger, with Checkers Merger Sub II, Inc. ("Merger Sub II") continuing as the surviving company in the subsequent merger wherein Grubhub will merge with and into Merger Sub II and continuing as Just Eat's wholly owned subsidiary (the "Proposed Transaction").  Pursuant to the terms of the definitive agreement and plan of merger the companies entered into (the "Merger Agreement") each Grubhub common share issued and outstanding will be converted into the right to receive (1) New Just Eat Takeaway.com ADSs representing 0.6710 Just Eat Takeaway.com Shares (the "merger consideration"), plus (2) cash in lieu of fractional New Just Eat Takeaway.com ADSs, plus (3) any dividends or other distributions to which such holder is entitled pursuant to the Merger Agreement (the "Merger Consideration").

3.      As discussed below, Defendants have asked Grubhub stockholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and information contained in the Proxy Statement, in violation of Sections 14(a) and 20(a) of the Exchange Act.  Specifically, the Proxy Statement contains materially incomplete and misleading information concerning the Company's financial forecasts and financial analyses conducted by the financial advisor of the Company, Evercore Group L.L.C. ("Evercore") in support of its fairness opinion, and relied upon by the Board in recommending the Company's stockholders vote in favor of the Proposed Transaction.

4.      It is imperative that the material information that has been omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5.      For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to Grubhub stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

7.      Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because the closing on the Merger will take place in this District, at the offices of Kirkland & Ellis LLP, the Company's legal advisor. Further, the Company's stock is traded on the New York Stock Exchange, headquartered in this District; and Just Eats has designated a bank or trust company located in this District for the purpose of exchanging shares of Company common stock in accordance with the Merger Agreement.

Importantly, Grubhub maintains a significant presence in this District, including the office of its General Counsel.

## PARTIES

9.      Plaintiff is, and has been at all relevant times, the owner of Grubhub common stock and has held such stock since prior to the wrongs complained of herein.

10.     Individual Defendant Brian McAndrews has served as a member of the Board since October 2011 and is the Chairman of the Board.

11.     Individual Defendant David Fisher has served as a member of the Board since June 2012.

12.     Individual Defendant Lloyd Frink has served as a member of the Board since December 2013.

13.     Individual Defendant David Habiger has served as a member of the Board since October 2016.

14.     Individual Defendant Linda Johnson Rice has served as a member of the Board since October 2016.

15.     Individual Defendant Katrina Lake has served as a member of the Board since December 2015.

16.     Individual Defendant Girish Lakshman has served as a member of the Board since March 2015.

17.     Individual Defendant Matt Maloney has served as a member of the Board nand the Chief Executive Officer of the Company since August 8, 2013.

18.     Individual Defendant Keith Richman has served as a member of the Board since February 2016.

19.     Defendant Grubhub is incorporated in Delaware and maintains its principal offices at 111 West Washington Street, Suite 2100, Chicago, IL 60602. The Company's common stock trades on the New York Stock Exchange under the symbol "GRUB."

20.     The defendants identified in paragraphs 10-18 are collectively referred to as the "Individual Defendants" or the "Board."

21.     The defendants identified in paragraphs 10-19 are collectively referred to as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

### A.     <u>The Proposed Transaction</u>

22.     Grubhub, together with its subsidiaries, provides an online and mobile platform for restaurant pick-up and delivery orders in the United States. The company connects approximately 300,000 local restaurants with diners in various cities. It offers mobile applications and mobile Websites; and operates Websites through grubhub.com, seamless.com, and menupages.com. The company also provides corporate program that offers employees with various food and ordering options, including options for individual meals, group ordering, and catering, as well as proprietary tools that consolidate various food ordering into a single online account. In addition, it offers Grubhub for Restaurants, a responsive web application that can be accessed from computers and mobile devices, as well as Grubhub-provided tablets; GH+ subscription program to diners; delivery services to restaurants; point of sale (POS) integration, which allows restaurants to manage Grubhub orders and update their menus directly from their existing POS system; and Website and mobile application design and hosting services for restaurants, as well as technology and fulfillment services, including order transmission and customer relationship management tools. The company was formerly known as GrubHub Seamless Inc. and changed its name to

Grubhub Inc. in February 2014. Grubhub Inc. was founded in 1999 and is headquartered in Chicago, Illinois.

23.     On June 10, 2020, Grubhub and Just Eats jointly announced that they had entered into the Proposed Transaction:

> Just Eat Takeaway.com N.V. (AMS: TKWY, LSE: JET), (the "Company" or "Just Eat Takeaway.com"), and Grubhub Inc. (NYSE: GRUB) ("Grubhub") have entered into a definitive agreement whereby the Company is to acquire 100% of the shares of Grubhub in an all-stock transaction (the "Transaction") to create the world's largest online food delivery company outside of China, measured by Gross Merchandise Value ("GMV") and revenues. The Transaction represents Just Eat Takeaway.com's entry into online food delivery in the United States ("U.S.") and builds on the strategic rationale for its recent merger with Just Eat plc ("Just Eat"). A combined Just Eat Takeaway.com and Grubhub (the "Combined Group") will become the world's largest online food delivery company outside of China1, with strong brands connecting restaurant partners with their customers in 25 countries. The Combined Group will be built around four of the world's largest profit pools in online food delivery: the U.S., the United Kingdom ("U.K."), the Netherlands and Germany, increasing the Combined Group's ability to deploy capital and resources to strengthen its competitive positions in all its markets. The Combined Group has strong leadership positions in almost all countries in which it is present and will become a significant player in North America. Just Eat Takeaway.com owns the leading Canadian business SkipTheDishes. The Combined Group is one of the few profitable players in the space and processed approximately 593 million orders in 2019 with more than 70 million combined active customers globally.

> **Key Terms**
> • Under the terms of the Transaction, Grubhub shareholders will be entitled to receive American depositary receipts ("ADRs") representing 0.6710 Just Eat Takeaway.com ordinary shares in exchange for each Grubhub share, representing an implied value of $75.15 for each Grubhub share (based on the undisturbed closing price of Just Eat Takeaway.com on 9 June 2020 of €98.602) and implying a total equity consideration (on a fully diluted basis) of $7.3 billion.

> • Immediately following completion of the Transaction, Grubhub shareholders are expected to own ADRs representing approximately 30.0% of the Combined Group (on a fully diluted basis).

> • On completion, Matt Maloney, CEO and founder of Grubhub, will join the Just Eat Takeaway.com Management Board and will lead the Combined Group's businesses across North America and two current Grubhub Directors will join the Just Eat Takeaway.com Supervisory Board. • The Transaction is subject to the approval of both Just Eat Takeaway.com's and Grubhub's shareholders, as well as

other customary completion conditions. Subject to satisfaction of the conditions, completion of the Transaction is anticipated to occur in the first quarter of 2021.

• The Combined Group will be headquartered and domiciled in Amsterdam, the Netherlands, with its North American headquarters in Chicago and a significant presence in the U.K. Just Eat Takeaway.com is listed on Euronext Amsterdam and the Main Market of the London Stock Exchange and will introduce an ADR listing in the U.S.

Both the Managing Board and the Supervisory Board of Just Eat Takeaway.com and the Board of Directors of Grubhub are recommending the Transaction to their respective shareholders. Jitse Groen, CEO and founder of Just Eat Takeaway.com, has entered into a voting and support agreement, and subject to and in accordance with the terms thereof, has committed to vote in favour of the Transaction at the Just Eat Takeaway.com extraordinary general meeting ("EGM").

* * *

**Transaction Highlights**
• Creates the world's largest food delivery company, outside of China, measured by GMV and revenue.

• The Company is one of the few profitable players at scale in the space.

• Creates a company built around four of the world's largest profit pools in food delivery: the U.S., the U.K., the Netherlands and Germany. These markets show substantial further opportunities for growth, significant penetration upside and longer-term profitability improvements.

• Grubhub will be much stronger as part of Just Eat Takeaway.com. The combination with Just Eat Takeaway.com's Canadian business, SkipTheDishes, as well as the increased scale and resources of the Combined Group will provide greater flexibility to make strategic, long-term investment decisions.

• In the U.S., where the market is competitive and fragmented across local regions and cities, Grubhub's differentiated offering provides it with unique advantages given its large marketplace business, its Seamless corporate business, its large geographic footprint and extensive customer and restaurant relationships.

• The enhanced scale and leading positions of the Combined Group provide an opportunity to leverage best practices from Just Eat Takeaway.com and Grubhub and create the broadest possible offering to both restaurant partners and consumers. The Combined Group will have a greater ability to leverage investments, in particular in technology, marketing and restaurant delivery services across the combined business.

• The Combined Group will have a founder-led management team with a proven track record of building leading positions in markets of scale. The new management team has 55+ years of combined experience in the sector.

**Integration Planning**

• Just Eat Takeaway.com highly respects the Grubhub management team and, following the completion of the Transaction, Matt Maloney will lead the Combined Group's businesses in North America, including Canada.

• Grubhub will continue to be headquartered in Chicago, U.S.

• Upon completion of the Transaction, the Combined Group will initiate a programme to plan for integration, based on bringing together both companies' experience of integrating acquisitions to minimise disruption to restaurants and consumers, whilst delivering the expected opportunities and benefits of the Transaction for the Combined Group's stakeholders.

• The integration of Just Eat's business is progressing well and is not expected to be affected by the acquisition of Grubhub. As one of the first major milestones, in the first week of June 2020, Just Eat's market leading Swiss business was migrated to Just Eat Takeaway.com's central European IT platform and the teams are working through further steps in the broader integration process.

**Key Terms of the Merger Agreement**

On 10 June 2020, Just Eat Takeaway.com entered into an Agreement and Plan of Merger (the "Merger Agreement"), by and among Just Eat Takeaway.com, Grubhub, Checkers Merger Sub I, Inc. ("Merger Sub I"), a Delaware corporation and a wholly-owned subsidiary of Just Eat Takeaway.com, and Checkers Merger Sub II, Inc. ("Merger Sub II"), a Delaware corporation and a wholly-owned subsidiary of Just Eat Takeaway.com, providing for the acquisition by Just Eat Takeaway.com of all of the issued and outstanding shares of common stock of Grubhub. At the effective time of the Transaction, on the terms and subject to the conditions set forth in the Merger Agreement, each share of common stock of Grubhub will be converted into the right to receive ADRs representing 0.6710 Just Eat Takeaway.com ordinary shares, without interest. Consummation of the Transaction is subject to customary closing conditions, including (i) the required approval of the Merger Agreement by the shareholders of Just Eat Takeaway.com and Grubhub; (ii) completion of any review by U.S. and U.K. antitrust authorities and the Committee on Foreign Investment in the United States (CFIUS); (iii) the absence of any order prohibiting the Transaction; (iv) the accuracy of the representations and warranties of the parties and compliance by the parties with their respective obligations under the Merger Agreement (subject to customary materiality qualifiers); (v) the absence of any material adverse effect on Just Eat Takeaway.com or Grubhub since the date of the Merger Agreement; and (vi)

approval of listing of the Just Eat Takeaway.com ADRs to be issued as the merger consideration on a U.S. stock exchange. Just Eat Takeaway.com and Grubhub have each made customary representations and warranties and covenants in the Merger Agreement. Among other things, each of Just Eat Takeaway.com and Grubhub may not solicit or participate in discussions with third parties regarding alternative acquisition proposals, subject to exceptions that allow each of Just Eat Takeaway.com and Grubhub under certain circumstances to provide information to and participate in discussions with third parties with respect to unsolicited alternative acquisition proposals. In addition, until the termination of the Merger Agreement or the effective time of the Transaction, each of Just Eat Takeaway.com and Grubhub has agreed to use reasonable best efforts to operate its business in the ordinary course of business in all material respects and has agreed to certain other negative covenants. The Merger Agreement contains certain termination rights for Just Eat Takeaway.com and Grubhub. Upon termination of the Merger Agreement under specified circumstances, including if Just Eat Takeaway.com or Grubhub terminates the Merger Agreement in order to accept an alternative acquisition proposal that constitutes a superior proposal or if the board of one party changes its recommendation of the transaction, Just Eat Takeaway.com or Grubhub, as applicable, will be required to pay the other party a termination fee of $144 million. The foregoing description of the Merger Agreement and the transactions contemplated thereby does not purport to be complete and is subject to, and qualified in its entirety by, the full text of the Merger Agreement.

* * *

24.     The Board has unanimously approved the Proposed Transaction. It is therefore imperative that Grubhub' stockholders are provided with the material information that has been omitted from the Proxy Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests prior to the forthcoming stockholder vote.

**B.     <u>The Materially Incomplete and Misleading Proxy Statement</u>**

25.     On April 27, 2021, Grubhub filed the Proxy Statement with the SEC in connection with the Proposed Transaction.  The Proxy Statement was furnished to the Company's stockholders and solicits the stockholders to vote in favor of the Proposed Transaction.  The Individual Defendants were obligated to carefully review the Proxy Statement before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions.  However, the Proxy Statement misrepresents and/or

omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to vote in favor of the Proposed Transaction, in violation of Sections 14(a) and 20(a) of the Exchange Act.

*Omissions and/or Material Misrepresentations Concerning Grubhub and Just Eat Financial Projections*

26.     The Proxy Statement fails to provide material information concerning financial projections by Grubhub management and  Just Eat management and relied upon by Evercore and the Board in their analysis and deliberation. The Proxy Statement discloses management-prepared financial projections for the Company which are materially misleading. The Proxy Statement indicates that in connection with the rendering of its fairness opinion, that the Company prepared certain non-public financial forecasts (the "Company Projections") and provided them to the Board and the financial advisors with forming a view about the stand-alone valuation of the Company. Accordingly, the Proxy Statement should have, but fails to provide, certain information in the projections that Grubhub management and Just Eat management provided to the Board and the financial advisors. Courts have uniformly stated that "projections … are probably among the most highly-prized disclosures by investors. Investors can come up with their own estimates of discount rates or [] market multiples. What they cannot hope to do is replicate management's inside view of the company's prospects." *In re Netsmart Techs., Inc. S'holders Litig.*, 924 A.2d 171, 201-203 (Del. Ch. 2007).

27.     For the Company Projections, the Proxy Statement provides values for non-GAAP (Generally Accepted Accounting Principles) financial metrics: Adjusted EBITDA and Levered Free Cash Flow, but fails to provide line items used to calculate these metrics and/or a reconciliation of these non-GAAP metrics to their most comparable GAAP measures, in direct violation of Regulation G and consequently Section 14(a).

28.     For the Just Eat Projections, the Proxy Statement provides values for non-GAAP (Generally Accepted Accounting Principles) financial metrics: Adjusted Revenue, Adjusted EBITDA, Unlevered Free Cash Flow, but fails to provide line items used to calculate these metrics and/or a reconciliation of these non-GAAP metrics to their most comparable GAAP measures, in direct violation of Regulation G and consequently Section 14(a).

29.     The Proxy Statement also fails to disclose projected net income information for both companies, despite the reference to this metric in the Projections.

30.     When a company discloses non-GAAP financial measures in a Proxy Statement that were relied on by a board of directors to recommend that stockholders exercise their corporate suffrage rights in a particular manner, the company must, pursuant to SEC regulatory mandates, also disclose all projections and information necessary to make the non-GAAP measures not misleading, and must provide a reconciliation (by schedule or other clearly understandable method) of the differences between the non-GAAP financial measure disclosed or released with the most comparable financial measure or measures calculated and presented in accordance with GAAP. 17 C.F.R. § 244.100.

31.     The SEC has noted that:

> companies should be aware that this measure does not have a uniform definition and its title does not describe how it is calculated. Accordingly, a clear description of how this measure is calculated, as well as the necessary reconciliation, should accompany the measure where it is used. Companies should also avoid inappropriate or potentially misleading inferences about its usefulness. For example, "free cash flow" should not be used in a manner that inappropriately implies that the measure represents the residual cash flow available for discretionary expenditures, since many companies have mandatory debt service requirements or other

non-discretionary expenditures that are not deducted from the measure.[1]

32.    Thus, to cure the Proxy Statement and the materially misleading nature of the forecasts under SEC Rule 14a-9 as a result of the omitted information in the Proxy Statement, Defendants must provide a reconciliation table of the non-GAAP measure to the most comparable GAAP measure to make the non-GAAP metrics included in the Proxy Statement not misleading.

*Omissions and/or Material Misrepresentations Concerning Evercore's Financial Analysis*

33.    With respect to Evercore's *Discounted Cash Flow Analysis* for Grubhub, the Proxy Statement also fails to disclose: (i) the terminal values for the Company; (ii) the inputs and assumptions underlying the use of terminal year multiples ranging from 16.0x to 20.0x; (iii) the inputs and assumptions underlying the range of perpetuity growth rates from 6.8% to 9.2%; (iv) the inputs and assumptions underlying the range of discount rates from 9.0% to 11.0%; (v) the Company's weighted cost of capital; (vi) the ranges of present values for the cash flows and terminal values and the estimated present value as of March 31, 2020 of the tax savings of the Company attributed to its net operating losses; and (vii) the Company's net debt as of March 31, 2020; (viii) the number of fully diluted outstanding Grubhub shares.

34.    With respect to Evercore *Discounted Cash Flow Analysis* for Just Eat, the Proxy Statement also fails to disclose: (i) the terminal values for Just Eat; (ii) the inputs and assumptions underlying the use of terminal year multiples ranging from 12.0x to 14.0x; (iii) the inputs and assumptions underlying the range of perpetuity growth rates from 2.6% to 5.3%; (iv) the inputs and assumptions underlying the range of discount rates from 9.0% to 11.0%; (v) Just Eat's weighted cost of capital; (vi) the ranges of present values for the cash flows and terminal values

---

[1] U.S. Securities and Exchange Commission, Non-GAAP Financial Measures, last updated April 4, 2018, available at: https://www.sec.gov/divisions/corpfin/guidance/nongaapinterp.htm

and the estimated present value as of March 31, 2020 of the tax savings of Just Eat attributed to its net operating losses; and (vii) Just Eat's estimated net debt as of March 31, 2020; (viii) Just Eat's unconsolidated assets; and (ix) the number of fully diluted outstanding Just Eat shares.

35.     With respect to Evercore's *Premia Paid Analysis*, the Proxy Statement also fails to disclose the premiums paid and the acquisitions observed by Evercore in the analysis.

36.     In sum, the omission of the above-referenced information renders statements in the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the special stockholder meeting to vote on the Proposed Transaction, Plaintiff will be unable to make a fully-informed decision regarding whether to vote in favor of the Proposed Transaction, and she is thus threatened with irreparable harm, warranting the injunctive relief sought herein.

**CLAIMS FOR RELIEF**

**COUNT I**

**On Behalf of Plaintiff Against All Defendants for Violations of
Section 14(a) of the Exchange Act and Rule 14a-9 and 17 C.F.R. § 244.100**

37.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

38.     Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that proxy communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading."  17 C.F.R. § 240.14a-9.

39.     Defendants have issued the Proxy Statement with the intention of soliciting stockholder support for the Proposed Transaction.   Each of the Defendants reviewed and

authorized the dissemination of the Proxy Statement and the use of their name in the Proxy Statement, which fails to provide critical information regarding, among other things, financial analysis that were prepared by Evercore and relied upon by the Board in recommending the Company's stockholders vote in favor of the Proposed Transaction.

40.     In so doing, Defendants made untrue statements of fact and/or omitted material facts necessary to make the statements made not misleading.  Each of the Individual Defendants, by virtue of their roles as officers and/or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).  The Individual Defendants were therefore negligent, as they had reasonable grounds to believe material facts existed that were misstated or omitted from the Proxy Statement, but nonetheless failed to obtain and disclose such information to stockholders although they could have done so without extraordinary effort.

41.     Defendants were, at the very least, negligent in preparing and reviewing the Proxy Statement.  The preparation of a Proxy Statement by corporate insiders containing materially false or misleading statements or omitting a material fact constitutes negligence.  Defendants were negligent in choosing to omit material information from the Proxy Statement or failing to notice the material omissions in the Proxy Statement upon reviewing it, which they were required to do carefully.  Indeed, Defendants were intricately involved in the process leading up to the signing of the Merger Agreement and the preparation and review of strategic alternatives and the Company's financial projections.

42.     The misrepresentations and omissions in the Proxy Statement are material to Plaintiff, who will be deprived of her right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction.  Plaintiff has no adequate

remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**On Behalf of Plaintiff Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

43.    Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

44.    The Individual Defendants acted as controlling persons of Grubhub within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as directors of Grubhub, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Proxy Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of Grubhub, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

45.    Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

46.    In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of Grubhub, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same.  The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction.  The Proxy Statement at issue contains

the unanimous recommendation of the Board to approve the Proposed Transaction.  The Individual Defendants were thus directly involved in the making of the Proxy Statement.

47.     In addition, as the Proxy Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement.  The Proxy Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered.   The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

48.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

49.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

50.     Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in her favor and against the Defendants jointly and severally, as follows:

A.     Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Proxy Statement;

B.      Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

C.      Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

D.      Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

E.      Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: April 28, 2021                         **MELWANI & CHAN LLP**

                                       By:   /s *Gloria Kui Melwani*
                                             Gloria Kui Melwani (GM5661)
                                             1180 Avenue of the Americas, 8th Fl.
                                             New York, NY 10036
                                             Telephone: (212) 382-4620
                                             Email: gloria@melwanichan.com

                                             *Attorneys for Plaintiff*